IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD PHILLIPS,**

       **Petitioner,**

                                 **Case No.  2:13-cv-791**

**v.**                                      **JUDGE GREGORY L. FROST**
                                      **Magistrate Judge Mark R. Abel**

**NORM ROBINSON, Warden,**

       **Respondent.**

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action under 28 U.S.C. § 2254.  Specifically, Petitioner is before this Court to litigate two claims challenging the constitutionality of Ohio's execution policy, procedures, and practices.  This matter is before the Court upon the Petition (ECF No. 1), Respondent's Return of Writ (ECF No. 28), and Petitioner's Traverse/Reply (ECF No. 29).

Petitioner raises the following two claims:

> **First Ground for Relief:**  Phillips's execution will violate the Eighth and Fourteenth Amendments because Ohio's lethal injection policy, protocols, and procedures will result in cruel and unusual punishment.
>
> **Second Ground for Relief:**  Phillips's execution will violate the Fourteenth Amendment because ORC Section 2949.22(A) and Ohio's lethal injection policy, protocols, and procedures will deprive him of equal protection of the law and other Constitutional rights.

(ECF No. 1.)

In his Eighth Amendment claim, Petitioner states that:

> The State of Ohio's current lethal injection policy, protocols, and procedures as written and as administered, create a substantial risk of harm and/or an objectively intolerable risk of harm, including severe physical and/or

1

> mental/psychological pain and suffering, as well as a torturous or lingering death, that have and will continue to result in executions not in accord with the "dignity of man" as required under the well-settled principles of the Cruel and Unusual Punishments Clause of the Eighth Amendment as made applicable to the States by the Fourteenth Amendment.

(ECF No. 1 ¶ 48.)  Petitioner further states that his challenge

> includes, but is not limited to, matters related to the drugs employed in the execution process, the delivery mechanisms used for those drugs, the physical structures employed in Ohio's execution protocol, the personnel and training involved in Ohio's execution process, Ohio's substantial and documented pattern of repeated deviation and/or variation from the written execution policy and execution protocols and procedures in administering executions regardless of the particular policy in effect at the time any particular execution takes place, the functional nonexistence of the written policy's safeguards as administered, the unfettered discretion granted in the policy to several of the actors involved in the execution process and preparations, the State's repeated failure and apparent inability to carry out an execution without encountering serious problems including causing the infliction of cruel, unnecessarily painful, unusual, punishment and the denial of Constitutional rights including the right to counsel.

(*Id*. ¶ 51.)

The essence of Petitioner's Fourteenth Amendment challenge is that

> [t]he State of Ohio's has demonstrated a pattern of irrationally and arbitrarily deviating and/or varying from ORC § 2949.22(A) and the State's informal and formal written policies, protocol, practices, customs and procedures without any legitimate governmental interest in doing so.

(*Id*. at ¶ 62.)

In his September 5, 2013 Return of Writ, Respondent begins by reasserting arguments that the instant Petition is an unauthorized second or successive petition, that Petitioner's claims are not cognizable in habeas corpus, and that Petitioner's claims are time-barred.  (ECF No. 28, at Page ID # 322-37.)  This Court's August 19, 2013 Scheduling Order unambiguously provided the following:

> Judge Lioi expressly concluded that Petitioner's claims properly sound in habeas corpus, that no authority precludes Petitioner from simultaneously litigating his

>habeas corpus claims in this proceeding and his § 1983 claims in Case No. 2:11-cv-1016, that the instant action is not a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and that the instant action is not barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). **This Court need not and will not revisit those decided issues.**

(ECF No. 20, at Page ID # 296-97 (emphasis added).) The authority Respondent cites for the position that a transferee court should abstain from deciding important issues is spurious where, as here, courts within the Northern District of Ohio and within this district—including <u>this</u> Court—have repeatedly and consistently rejected the arguments that Respondent curiously attempts to resurrect. *See, e.g., Sheppard v. Warden, Chillicothe Correctional Inst.*, No. 1:12-cv-198, ECF No. 35. For Respondent's sake, the Court states one more time: This Court need not and will not revisit those decided issues, *which have already been decided in this case*.

The parties next debate whether Petitioner procedurally defaulted his claims by failing to present them to the state courts, based on the Ohio Supreme Court's decision in *Scott v. Houk*, 127 Ohio St. 3d 317 (2010). The Ohio Supreme Court issued *Scott v. Houk* to answer the following certified question: "Is there a post-conviction or other forum to litigate the issue of whether Ohio's lethal injection protocol is constitutional under *Baze v. Rees*, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008), or under Ohio law?" *Scott*, 127 Ohio St. 3d at 318. In answering that question, the Ohio Supreme Court began by noting the various established methods that the Ohio legislature has established for Ohio death-sentenced inmates to receive state review of his or her case: direct appeal, postconviction, state habeas corpus, and application to reopen the direct appeal.

The Ohio Supreme Court then stated as follows:

>The Ohio General Assembly has not yet provided an Ohio-law cause of action for Ohio courts to process challenges to a lethal-injection protocol, and

3

> given the review available on this issue through Section 1983, Title 42, U.S. Code, for injunctive relief against appropriate officers or federal habeas corpus petitions, we need not judicially craft a separate method of review under Ohio law. Accordingly, until the General Assembly explicitly expands state review of death-penalty cases by creating a methodology for reviewing Ohio's lethal-injection protocol, we must answer the certified question as follows: There is no state postconviction relief or other state-law mode of action to litigate the issue of whether a specific lethal-injection protocol is constitutional under *Baze v. Rees*, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008), or under Ohio law.

*Scott v. Houk*, 127 Ohio St. 3d at 318. According to Petitioner, *Scott* thus determined that no remedy exists in Ohio for raising method-of-execution challenges, thereby relieving Petitioner of any obligation to present his claims to the state courts as a pre-condition for raising them in habeas corpus. Respondent argues that *Scott* left intact an inmate's right to raise method-of-execution challenges through already-existing Ohio remedies. The Court need not determine whether Petitioner procedurally defaulted his claims or reach any conclusion about the effect of *Scott*, however, because both of Petitioner's claims are ultimately without merit in habeas corpus.[1]

Respondent argues that Petitioner's claims are without legal and factual support. As to the Eighth Amendment challenge framed in Petitioner's first ground for relief, Respondent states that the United States Supreme Court's decision in *Baze v. Kentucky*, 553 U.S. 35 (2008), governs Petitioner's claim. Under *Baze*, according to Respondent, Petitioner's Eighth Amendment claim fails because Petitioner has not demonstrated that Ohio's planned use of lethal injection presents a sure or very likely risk of serious pain and needless suffering. (ECF No. 28,

---

[1] The Court notes that its prior discussion of procedural default in *Lynch v. Hudson*, Case No. 2:07-cv-948, 2011 WL 4537890 (S.D. Ohio Sept. 28, 2011), does not necessarily inform the parties' debate. There, the undersigned rejected a nearly identical Eighth Amendment method-of-execution claim not only as without merit, but also as procedurally defaulted. *Lynch* is distinguishable from the instant case because in *Lynch*, unlike here, the petitioner had raised a method-of-execution challenge in state postconviction, albeit a bare-bones version of the claim

at Page ID # 349-50.) With respect to the Fourteenth Amendment challenge that Petitioner sets out in his second ground for relief, Respondent asserts that "[t]he Warden's research has failed to disclose any decision of the Supreme Court or a federal circuit court invalidating a condemned prisoner's conviction or sentence on the ground that the state's execution procedures violated the Equal Protection Clause." (*Id*. at Page ID # 354.) With respect to both claims, Respondent relies on *Lynch v. Hudson*, in which, as referenced above, the undersigned rejected similar if not nearly identical Eighth and Fourteenth Amendment challenges raised in habeas corpus. 2011 WL 4537890, at *132.

Petitioner, relying on *Baze v. Rees* and other Supreme Court decisions interpreting the Eighth Amendment's "cruel and unusual punishment" clause, insists that his Eighth Amendment claim is meritorious because of the numerous and various serious harms to which Ohio's execution policy, procedures, and practices will subject Petitioner. (ECF No. 29, at Page ID 400-08.) As for his Fourteenth Amendment claim, Petitioner asserts that "[f]actual development of Phillips's claims will demonstrate that deviations from the State of Ohio's death penalty statute and the written execution protocol have resulted (and continue to result) in each inmate condemned to death being treated disparately" in violation of their and Petitioner's right to equal protection. (*Id*. at Page ID # 410.) Examining Petitioner's claims *de novo*, the Court disagrees.

Sixth Circuit precedent all but forecloses Petitioner's Eighth Amendment claim, and Petitioner's Fourteenth Amendment claim finds no support in law. With respect to Petitioner's Eighth Amendment claim, the Court begins its analysis with *Lynch v. Hudson*. There, the undersigned addressed a claim challenging Ohio's lethal injection policy, procedures, and

---

he ultimately presented in habeas corpus.

practices. The undersigned found that the claim was without merit, explaining:

> Petitioner has not (and cannot) cite to any clearly established federal law as determined by the United States Supreme Court holding that lethal injection constitutes cruel and unusual punishment, or violates the rights to due process or equal protection. In *Fitzpatrick v. Bradshaw*, where the petitioner asserted a claim asserting that lethal injection violated the petitioner's rights to protection from cruel and unusual punishment and to due process of law, a sister court within the Sixth Circuit rejected it as follows:
>
>> Fitzpatrick does not provide this Court with any citation to case law in which lethal injection was found to be cruel and unusual punishment. No court has found this method of execution to be constitutionally impermissible. The Sixth Circuit has even commented that at this time, lethal injection "is the law of the republic." *Alley v. Little*, 2006 WL 1313365, * 2 (6th Cir. 2006); *Adams v. Bradshaw*, 484 U.S. F.Supp2d 753, 796 (2007). This Court also notes, that recently the U.S. Supreme Court upheld the constitutionality of a lethal injection protocol similar to that used in Ohio. *Baze v. Rees*, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008). This claim is without merit.
>
> No. 1:06-cv-356, 2008 WL 7055605, at *62 (S.D. Ohio Oct. 14, 2008); *see also Hand v. Houk*, No. 2:07-cv-846, 2011 WL 2446383, at *113 (S.D. Ohio Apr. 25, 2011); *Hanna v. Ishee*, No. C-1-03-cv-801, 2009 WL 485487, at *52-53 (S.D. Ohio Feb. 26, 2009). Not even this Court's recent decision in *Cooey v. Kasich* granting Smith's motion for a temporary restraining order and preliminary injunction staying his execution bolsters Petitioner's claim. Nos. 2:04-cv-1156, 2:09-cv-242; 2:09-cv-823, 2:10-cv-27, 2011 WL 2681193 (S.D. Ohio Jul. 8, 2011). The decision does not constitute clearly established federal law as determined by the Supreme Court. And in granting the Plaintiff-Intervener's motion for a temporary restraining order and preliminary injunction staying his execution, this Court did not hold that Ohio's execution procedure was unconstitutional, 2011 WL 2681193, at *34. Rather, the Court concluded only that the Plaintiff-Intervener had a substantial likelihood of succeeding on the merits of his claim that Ohio's execution procedure violates the Equal Protection Clause.

*Lynch*, 2011 WL 4537890, at *132.

The Court still adheres to this reasoning and adds that nothing in its review of Petitioner's myriad allegations and the relevant case law persuades it that there is any more merit to Petitioner's Eighth Amendment claim here than there was in *Lynch*. As alluded to above, the

Supreme Court in *Baze v. Rees* approved a lethal-injection protocol that was nearly identical to the protocol that Ohio had in place at that time.  Assuming that *Baze* establishes the controlling standard—*Baze* was a plurality decision and was not issued in the context of habeas corpus—a method of execution violates the Eighth Amendment only if it creates a substantial risk of severe pain or harm.  *Baze*, 553 U.S. at 61-62.

In the wake of *Baze*, courts within the Sixth Circuit have consistently rejected habeas claims raising Eighth Amendment <u>and</u> Fourteenth Amendment challenges against Ohio's execution protocol, procedures, and practices.  In *Cooey (Biros) v. Strickland*, 589 F.3d 210, 223-24 (6th Cir. 2009), the Sixth Circuit held—albeit in the context of denying a stay of execution sought in connection with a § 1983 action—that Ohio's then-applicable protocol did not violate the Eighth Amendment.  In *Treesh v. Bagley*, 612 F.3d 424, 439 (6th Cir. 2010), the Sixth Circuit denied a certificate of appealability on a claim raising an Eighth Amendment challenge against Ohio's execution protocol, concluding that the petitioner had failed to make a substantial showing that he was denied a constitutional right.  District courts have followed suit. *See Brinkley v. Houk*, 866 F. Supp. 2d 747, 842-43 (N.D. Ohio 2011) (rejecting Eighth and Fourteenth Amendment challenges to Ohio's execution protocol); *Scott v. Houk*, No. 4:07-CV-0753, 2011 WL 5838195, at *46-47 (N.D. Ohio Nov. 18, 2011) (same); *Frazier v. Bobby*, No. 3:09-CV-1208, 2011 WL 5086443, at *57-58 (N.D. Ohio Oct. 25, 2011) (same).

This Court has several times recently concluded in § 1983 litigation that the specific facts and evidence that Petitioner relies on here were insufficient to demonstrate that the movants had a substantial likelihood of succeeding on the merits of their Fourteenth Amendment claims.  *In Re: Ohio Execution Protocol Litigation*, 906 F. Supp. 2d 759 (S.D. Ohio 2012) (rejecting Bret

7

Hartman's request for a temporary restraining order to stay his execution); *In Re: Ohio Execution Protocol Litigation*, 868 F. Supp. 2d 625 (S.D. Ohio 2012) (rejecting Mark Wiles' request for a temporary restraining order to stay his execution); *In Re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, 2012 WL 1883919 (S.D. Ohio May 22, 2012) (rejecting Abdul Awkal's and John Eley's requests for temporary restraining orders to stay their executions).  The Court has given careful consideration to the facts and arguments that Petitioner offered in his Petition (ECF No. 1) and in his Traverse (ECF No. 29), and the Court is not persuaded that they warrant habeas corpus relief under controlling precedent or even persuasive precedent.

This Court recently rejected similar claims for habeas corpus relief in *Sheppard v. Warden, Chillicothe Correctional Inst.*, No. 1:12-CV-198, 2013 WL 3367420 (S.D. Ohio Jul. 5, 2013).  Petitioner attempts to distinguish his case from *Sheppard*, arguing that neither this Court's conclusions in *Sheppard* nor any other precedent forecloses relief on Petitioner's claims. He argues that neither *Sheppard* nor this Court's earlier decision in *Lynch v. Hudson* informs the Court's consideration of Petitioner's claims because those cases, unlike the instant case, rejected method-of-execution claims not upon *de novo* review of the merits of the claims, but upon a § 2254(d) determination that state court decisions rejecting the claims had not contravened or unreasonably applied clearly established federal law.  Petitioner's assertion is not entirely accurate.  This Court made clear in *Sheppard*, as it has herein, that it had considered all of the facts and arguments that Sheppard had raised and concluded that Petitioner's claims did not warrant habeas corpus relief under controlling or persuasive authority.  *Sheppard*, Case No. 1:12-cv-198, ECF No. 38, at Page ID # 325.  Although the Court discussed *Lynch v. Hudson*, nowhere in *Sheppard* did this Court limit its review to whether state court decisions had contravened or unreasonably applied federal law.

The Court also rejects Petitioner's assertion that, strictly speaking, no controlling precedent forecloses relief on either of his claims. (ECF No. 29, at Page ID # 417-22.) This Court recognized in granting a certificate of appealability in *Sheppard* that no *on-point* authority foreclosed relief on Petitioner's Eighth or Fourteenth Amendment claims. That concession does not remove from this Court's consideration the numerous cases that have touched upon the type of method-of-execution claims that Petitioner raises herein. And those cases persuade this Court that Petitioner's claims, as presently pled and supported, do not warrant habeas corpus relief.

This Court's conclusions similarly foreclose any request by Petitioner for factual development. Finding that Petitioner can demonstrate good cause to conduct discovery requires a finding that Petitioner's claims have some chance of succeeding. *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (explaining that district court should grant leave to conduct discovery in habeas corpus only where petitioner shows that if the facts are more fully developed, he or she may be entitled to relief); *Harris v. Nelson*, 394 U.S. 286, 300 (1969); *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). The "good cause" requirement for habeas corpus discovery prohibits an open-ended fishing expedition and requires a petitioner to offer a supported explanation of what evidence he or she anticipates discovery will yield. Petitioner's attempt to establish good cause consists of little more than an assertion that "it is manifest that determination of whether his lethal injection habeas claims have merit can only be assessed <u>after</u> discovery and an evidentiary hearing, because the claims rise and fall on the basis of the facts involved." (ECF No. 29, at Page ID # 423.) As noted above, in *In Re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, this Court recently has concluded three times that such evidence was insufficient to demonstrate that the movants had a substantial likelihood of

9

succeeding on their Equal Protection claims (ECF Nos. 107, 116, and 136). The same reasoning is sufficient in this Court's view to conclude that Petitioner cannot presently demonstrate "good cause" to conduct discovery on his Fourteenth Amendment claim in habeas corpus. Additionally, the Sixth Circuit's decision in *Cooey (Biros) v. Strickland*, 589 F.3d 210 (6th Cir. 2009), considering and rejecting numerous Eighth Amendment challenges to Ohio's execution policies, procedures, and practices is sufficient in this Court's view to find that Petitioner herein cannot presently demonstrate "good cause" to conduct discovery on his general Eighth Amendment claim in habeas corpus. That is so, in this Court's view, despite the fact that since *Cooey (Biros)*, Ohio has switched its "Plan A" drug from sodium thiopental to pentobarbital.

For the foregoing reasons, the Court concludes that Petitioner's first and second grounds for relief are without merit. The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE